UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BELLA RENEE JONES,<br><br>Plaintiff,<br><br>v.<br><br>ELI LILLY AND COMPANY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CAUSE NO. 1:15-CV-701-JMS-MJD |

**CASE MANAGEMENT PLAN**

## I. Parties and Representatives

A. PLAINTIFF: Bella Renee Jones

DEFENDANT: Eli Lilly and Company

B. PLAINTIFF'S COUNSEL:

Robert Brent Wisner
BAUM HEDLUND ARISTEI & GOLDMAN, P.C.
12100 Wilshire Boulevard, Suite 950
Los Angeles, CA 90025
Telephone: 310-207-3233
Fax: 310-820-7444
rbwisner@baumhedlundlaw.com

DEFENDANT'S COUNSEL:
Nancy Menard Riddle, Atty. No. 15075-49
Email: Nancy.Riddle@icemiller.com
Phone: (317) 236-2189
Fax: (317) 592-4740
Mary Nold Larimore, Atty. No. 9877-49
Email: Larimore@icemiller.com
Phone: 317-236-2407
Fax: (317) 592-4688
ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN 46282-0200

Michael X. Imbroscio
Phone (202) 662-5694
Email: mimbroscio@cov.com
Phyllis A. Jones
Phone: (202) 662-5868
Fax: (202) 778-5868
pajones@cov.com
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, D.C. 20001-4956

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

## II. Jurisdiction and Statement of Claims

A. The Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) in that the dispute is between citizens of different states and the amount in controversy as to each Plaintiff exceeds $75,000.00, exclusive of interest and costs.

B. Cymbalta (generically duloxetine) is an antidepressant in a class known as selective serotonin and norepinephrine reuptake inhibitors ("SNRIs"). These lawsuits center on a phenomenon called "withdrawal"—the undisputed physical and mental effects patients suffer when they stop taking Cymbalta. The physical effects patients experience upon stopping Cymbalta mirror those that drug addicts experience when they stop a narcotic: dizziness, headaches, nausea, diarrhea, excessive sweating, sensory disturbances, nightmares, and insomnia. However, in addition to these "typical" withdrawal effects, patients stopping Cymbalta also experience side effects that are unique to antidepressants: electric shock sensations in the brain, loss of motor functions, seizures, extreme mood swings, depression (even if the patient never previously suffered from depression), emotional outbursts, and suicidal behavior. These serious withdrawal symptoms generally last for days, weeks, or months, but the emotional aftereffects of suffering these withdrawal symptoms can last a lifetime. Conceptually, Plaintiffs' claims boil down to three theories of liability: (1) Lilly deliberately avoided collecting "bad" data about Cymbalta withdrawal out of fear that it would end up in the label; (2) Lilly failed to adequately warn about the risks associated Cymbalta withdrawal; and (3) Lilly failed to design a Cymbalta dosage that would allow for safe discontinuation.

C. Defendant Eli Lilly and Company denies that Cymbalta® is defective or unreasonably dangerous when used in accordance with FDA-approved labeling and further denies that Cymbalta® was the proximate cause of Plaintiff's alleged injuries. Lilly further maintains that the warnings in the FDA-approved labeling

for Cymbalta regarding discontinuation-emergent adverse events are adequate as a matter of law. Lilly asserts all general and affirmative defenses pled in its Answer, including but not limited to learned intermediary, comparative or contributory fault, failure to allege fraud or misrepresentation with sufficient particularity, failure to mitigate and federal preemption.

D. On or before **October 10, 2016**, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

## III. Pretrial Pleadings and Disclosures

A. The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **February 29, 2016**.

B. Plaintiff shall file preliminary witness and exhibit lists on or before **March 7, 2016**.

C. Defendant shall file preliminary witness and exhibit lists on or before **March 14, 2016**.

D. All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **March 30, 2016**.

E. Plaintiff shall serve Defendant (but not file with the Court) a statement of special damages, if any, and make a settlement demand, on or before **March 14, 2016**. Defendant shall serve on the Plaintiff (but not file with the Court) a response thereto **within 21 days after receipt of the demand**. The parties are instructed to email Magistrate Judge Dinsmore a copy of the settlement demand and response thereto to MJDinsmore@insd.uscourts.gov.

F. Plaintiff shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **June 30, 2016**. Defendants shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **July 30, 2016**.

G. If a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel **no later than 90 days prior to the dispositive motion deadline**. If such expert disclosures are served the parties shall confer **within 7 days** to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the court.

H. Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before **February 3, 2017**. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by Local Rule 56-1.

I. All parties shall file and serve their final witness and exhibit lists on or before **December 1, 2016**. This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony.

J. Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K. Discovery of electronically stored information ("ESI"). The parties will submit their agreement regarding the format in which electronically stored information will be produced, and an agreed claw back provision, within 21 days of the date of this order.

## IV. Discovery[1] and Dispositive Motions

---

[1]The term "completed," as used in Section IV.B, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (including specifically motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue. To this end, counsel must select the track set forth below that they believe best suits this case. If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate. If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

A. Does any party believe that this case may be appropriate for summary judgment or other dispositive motion? If yes, the party(ies) that expect to file such a motion must provide a brief statement of the factual and/or legal basis for such a motion. [Note: A statement such as, "Defendant will seek summary judgment because no material facts are in dispute," is insufficient. Such a statement does not indicate to the Court that the parties used the CMP as an opportunity to seriously explore whether this case is appropriate for summary judgment or other dispositive motion. However, the failure to set forth a basis for a dispositive motion in the CMP will not bar a party from raising this argument at the motions stage.]

Defendant expects to file a motion for summary judgment on the grounds that the labeling was sufficient as a matter of law and/or whether the plaintiff can establish proximate cause.

B. Select the track that best suits this case:

______Track 1: No dispositive motions are anticipated. All discovery shall be completed by__________ [no later than 16 months from Anchor Date]. [Note: Given that no dispositive motions are anticipated, the parties should consider accelerating discovery and other pretrial deadlines to the extent practicable and suggest a trial date (Section VI) substantially earlier than the presumptive trial date of 18 months from the Anchor Date. The Court encourages a track faster than the standard track in all cases in which dispositive motions are not anticipated].

______Track 2: Dispositive motions are expected and shall be filed by_______[no later than 12 months from Anchor Date]; non-expert witness discovery and discovery relating to liability issues shall be completed by_____________[no later than 7-10 months from Anchor Date]; expert witness discovery and discovery relating to damages shall be completed by________________[no later than 12-16 months from Anchor Date]. [Note: The Court expects this will be the typical track when dispositive motions are anticipated.]

    _X_ Track 3: Dispositive motions are expected and shall be filed no later than **October 31, 2016**; discovery relating to liability issues and expert witness discovery that may be necessary at the dispositive motions stage shall be completed by **September 30, 2016**; all remaining discovery shall be completed by **January 20, 2017**.

______Track 4: Dispositive motions shall be filed by____________[not later than 13 months from the Anchor Date]; non-expert discovery shall be completed by __________; expert witness discovery shall be completed by________________. [Note: The Court provides Track 4 as an open option because it recognizes that there may be unusual cases for which special circumstances necessitate additional flexibility. However, the Court has found that Tracks 1-3 are appropriate in the large majority of cases, and therefore the parties must briefly state below the special circumstances justifying a departure from Tracks 1-3.]

Absent leave of court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.

If the required conference under Local Rule 37-1 does not resolve discovery issues that may arise, the parties will request a telephonic status conference prior to filing any disputed motion to compel or for a protective order.

## V. Pre-Trial/Settlement Conferences

At any time, any party may call the Judge's Staff to request a conference, or the Court may sua sponte schedule a conference at any time. The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery. **The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement. The parties recommend a settlement conference with the Court be deferred until after the Court rules on all dispositive motions filed pursuant to Section IV.B. above.**

## VI. Trial Date

The parties request a trial date in **June 2017**. The trial is by **jury** and is anticipated to take **three to four days**.

## VII. Referral to Magistrate Judge

A. **Case**. At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(b) and Federal Rules of Civil Procedure 73 for all further proceedings including trial.

B. **Motions**. The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand. If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

## VIII. Required Pre-Trial Preparation

A. **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to section III.I.

2. Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3. Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

    a. brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

    b. if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B. **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a

motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## IX. Other Matters

[Insert any other matters any party believes should be brought to the Court's attention]

Respectfully submitted,

BAUM, HEDLUND, ARISTEI & GOLDMAN, P.C.

*s/ Robert Brent Wisner (w/consent)*
Robert Brent Wisner
12100 Wilshire Boulevard, Suite 950
Los Angeles, CA 90025
Telephone: 310-207-3233
Fax: 310-820-7444
rbwisner@baumhedlundlaw.com

*Attorneys for Plaintiff*

ICE MILLER LLP

*s/ Nancy Menard Riddle*
Nancy Menard Riddle, Atty. No. 15075-49
Email: Nancy.Riddle@icemiller.com
Phone: (317) 236-2189
Fax: (317) 592-4740
Mary Nold Larimore, Atty. No. 9877-49
Email: Larimore@icemiller.com
Phone: 317-236-2407
Fax: (317) 592-4688
One American Square, Suite 2900
Indianapolis, IN 46282-0200

Michael X. Imbroscio
Phone (202) 662-5694
Email: mimbroscio@cov.com
Phyllis A. Jones (*admitted Pro hac vice*)
Phone: (202) 662-5868
Fax: (202) 778-5868
pajones@cov.com
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, D.C. 20001-4956

*Attorneys for Defendant Eli Lilly and Company*

********************************************************************************

| | |
|---|---|
| | PARTIES APPEARED IN PERSON/BY COUNSEL ON____________FOR A PRETRIAL/STATUS CONFERENCE. |
| | APPROVED AS SUBMITTED. |
| x | APPROVED AS AMENDED. |
| | APPROVED AS AMENDED PER SEPARATE ORDER. |
| | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY_______________MONTHS. |
| | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _______________OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _______________MONTHS. |
| | THIS MATTER IS SET FOR TRIAL BY____________________ON ______________________________. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR______________________________________AT_____.M., ROOM_________________. |
| | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR ____________________AT_________.M. COUNSEL SHALL APPEAR:<br>______________IN PERSON IN ROOM_________; OR<br>______________BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT ( ) ___________________; OR<br>______________BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT (____) ___________________; |
| x | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN **October 31, 2016**; discovery relating to liability issues and expert witness discovery that may be necessary at the dispositive motions stage shall be completed by **September 30, 2016** |

Upon approval, this Plan constitutes an Order of the Court. Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Rule 16(f), to and including dismissal or default.

**Approved and So Ordered as Amended.**

Dated: 10 FEB 2016

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record via
email generated by the Court's ECF system.